IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 1 0 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MARK ANTHONY REYNA, (SPN #01190507) | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-04-4407 |
| JEFF B. JACKSON, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Mark Anthony Reyna, an inmate of the Harris County Jail, sued in November 2004, alleging civil rights violations resulting from the use of excessive force. Reyna, proceeding *pro se* and *in forma pauperis*, sues Jeff B. Jackson and Mike Malone, who are both officers with the Houston Police Department ("HPD").

The threshold issue is whether Reyna's claims should be dismissed as frivolous. The court concludes that Reyna's claims lack merit and should be dismissed for the reasons stated below.

### I.    Plaintiff's Allegations

Reyna asserts that on August 11, 2004, he had just finished work at the Fox Cantina and was returning home. At some unspecified time, Reyna had left a machete in a nearby ditch. Reyna was walking on the side of the street when Officer Malone

scared Reyna. Not knowing who it was, Reyna turned around and in self-defense, reached for his machete, which was in the ditch. Reyna did not know that the person chasing him was a police officer until the officer slid into the ditch. A nearby street light illuminated the area, and Reyna saw Officer Malone in the ditch. Reyna became frightened and ran away. Reyna states that he was then cornered, captured, knocked to the ground, and surrendered peacefully. While placing Reyna in handcuffs, the officers twisted Reyna's arm roughly. Reyna sustained damage to his eardrum during the beating. Officers Malone and Jackson beat Reyna while he was on the ground in handcuffs.

Following the incident described above, Reyna was charged with three counts of aggravated robbery and one count of aggravated assault on a public servant. Reyna states that his jury trial ended in a mistrial. (Docket Entry No. 32, Plaintiff's More Definite Statement, p. 2). The court's online research of the TDCJ offender information database reveals that Reyna was convicted in Harris County, Texas, of aggravated assault against a public servant on August 21, 2006 in Cause Number 997141.

Reyna seeks monetary relief.

## II.   Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before

docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a § 1983 claim challenging the constitutionality of his conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. 512 U.S. at 486-87. *Heck* bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid." *Id.* at 486, 114 S. Ct. 2364. Thus, unless his conviction has been overturned, a plaintiff cannot bring a § 1983 claim if prevailing on that claim would imply that his conviction was invalid.

How *Heck* applies to excessive force claims is not always clear. By proving an excessive force claim, a plaintiff will not invariably invalidate his conviction. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). The Fifth Circuit has recognized that certain convictions will prevent a plaintiff from bringing an excessive force claim. For example, the Fifth Circuit has held that a Texas conviction for aggravated assault on a police officer bars claims for excessive force related to the same conduct. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999). The Fifth Circuit reached this holding after determining that Texas law permits an officer to use any force--even deadly force--to protect against an aggravated assault. *Sappington*, 195 F.3d at 237. Because any force was justified in response to an assault, a finding that the officers used excessive force would necessarily mean that the plaintiff had not committed aggravated assault, *id.*, and thus a judgment would call into question the plaintiff's conviction. *Id.*

The Fifth Circuit has also held that a Louisiana conviction for battery of an officer--a crime for which justification is an affirmative defense--prevents the plaintiff from suing for excessive force in connection with the incident. *Hudson*, 98 F.3d at 873.

If the plaintiff proved his excessive force claim, he would essentially be proving that his battery was justified, which would undermine his conviction. *Id.* As these cases show, the *Heck* determination depends on the nature of the offense and of the claim. *Cf. Hudson,* 98 F.3d at 873 (noting that, because of the nature of the plaintiff's offense, the conceptual difference between an excessive force claim and a challenge to a conviction "may be applicable in many section 1983 claims of excessive force, [but] it does not help [plaintiff] today").

In this case, Reyna was convicted of aggravated assault of a public servant. The relevant statute regarding aggravated assault provides, in part, that:

> (a)  A person commits an offense if the person commits assault as defined in § 22.01 and the person:
>   (1)  causes serious bodily injury to another, including the person's spouse; or
>   (2)  uses or exhibits a deadly weapon during the commission of the assault.
>
> (b)  An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree if:
>   (1)  the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; or
>   (2)  regardless of whether the offense is committed under Subsection (a)(1) or (a)(2), the offense is committed:

  (A) by a public servant acting under color of the servant's office or employment;
  (B) against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant;
  (C) in retaliation against or on account of the service of another as a witness, prospective witness, informant, or person who has reported the occurrence of a crime; or
  (D) against a person the actor knows is a security officer while the officer is performing a duty as a security officer.

(c) The actor is presumed to have known the person assaulted was a public servant or a security officer if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant or status as a security officer.

TEX. PENAL CODE § 22.02.

Reyna's suit challenges the factual determination that underlies his conviction for aggravated assault of a public servant. If Reyna prevails on his excessive force claim, he will have established that his criminal conviction for aggravated assault of a public servant lacks any basis. Therefore, this lawsuit challenges the validity of Reyna's conviction and is barred by *Heck*.

Under *Heck*, Reyna must demonstrate that his conviction and sentence have been

reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Reyna cannot make such a showing. He has not alleged that his conviction for aggravated assault on a public servant has been reversed, invalidated or otherwise expunged. (Docket Entry No. 7, Plaintiff's More Definite Statement, p. 6). Until Reyna receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery...."). Reyna's claims challenging his conviction for aggravated assault on a public servant are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Reyna's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

### III. Conclusion

The action filed by Mark Anthony Reyna (SPN #01190507) lacks an arguable

basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

The agency having custody of Reyna will continue to deduct twenty percent of each deposit made to Reyna's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $150.00 is paid in full.

The Clerk is directed to provide a copy to the parties; Sergeant M.E. McKinney, Inmate Trust Fund, 1301 Franklin, Houston, Texas 77002; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention: Betty Parker, or via E-mail at Betty_Parker/TXED/05/USCOURTS.

SIGNED at Houston, Texas, on ___Oct 9___, 2006.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE